UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ANTONIO PEREZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| ALLSTATE VEHICLE AND | § | CIVIL ACTION NO.: _____ |
| PROPERTY INSURANCE COMPANY, | § | |
| WILLIAM COX, AND WILLIAM | § | |
| BAXTER | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT ALLSTATE VEHICLE AND PROPERTY
## INSURANCE COMPANY'S NOTICE OF REMOVAL

Defendant Allstate Vehicle and Property Insurance Company files this Notice of Removal

pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(a), and would show as follows:

### I.   INTRODUCTION

1.      This is an insurance coverage and bad faith case. On or about May 3, 2017, Plaintiff

Antonio Perez filed his Original Petition in Cause No. 342-291914-17 in the 342nd Judicial District

Court of Tarrant County, Texas, initiating a civil cause of action against Defendants Allstate Vehicle

and Property Insurance Company, William Cox, and William Baxter. Exhibit C.

2.      Removal is based on diversity jurisdiction because the amount in controversy exceeds

$75,000, exclusive of interest and costs, and there is complete diversity between Plaintiff and

Defendants.

3.      Plaintiff alleges causes of action against Defendants related to Defendants' handling

of an insurance claim submitted by Plaintiff. Plaintiff specifically alleges breach of contract, non-

compliance with Chapters 541 and 542 of the Texas Insurance Code, breach of the duty of good faith

and fair dealing, and fraud. Plaintiff further alleges that Defendants' conduct was committed

**DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S**
**NOTICE OF REMOVAL**

"knowingly" as that term is defined in the Texas Insurance Code. Plaintiff currently seeks damages "over $100,000 but not more than $200,000 including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees," with a statement that Plaintiff reserves his right to amend his Petition to seek "over $200,000 but no more than $1,000,000." Exhibit C at ¶ 6.

4.     Allstate received the Citation and Plaintiff's Original Petition on or about May 18, 2017 via process server. Exhibit D. Allstate filed its Original Answer on June 12, 2017. Exhibit E.

5.     Allstate now files this Notice of Removal based on the grounds asserted herein, and promptly upon the filing of same, is also filing a Notice of Filing Notice of Removal with the state court in which this case was previously pending.

6.     At the time of this filing, this is no return of service on file with the Court for Defendants Cox and Baxter, and they have not yet filed their answers or otherwise appeared in this case. Thus, their consent to removal is not required.

## II.     GROUNDS FOR REMOVAL

7.     This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) because the parties involved are citizens of different states, and the matter in controversy exceeds $75,000, exclusive of interest and costs.

### A.     Complete Diversity Exists Between the Parties.

8.     According to Plaintiff's Original Petition, at the time this action was commenced, Plaintiff was and still is, domiciled in Tarrant County, Texas. In determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of citizenship. *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564 ( 5th Cir. 2011). A person's state of domicile presumptively continues unless rebutted with sufficient evidence of change. *Id.* "Evidence of a person's place of residence...is prima facie proof of his domicile." *Id.* (citations omitted). Furthermore, once established, "[a] person's state of domicile presumptively continues unless

**DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S**
**NOTICE OF REMOVAL**

rebutted with sufficient evidence of change." *Id.* Thus, for purposes of diversity of citizenship, Plaintiff is considered a Texas citizen.

9.     Defendant Allstate Vehicle and Property Insurance Company is a corporation incorporated under the laws of the State of Illinois, having its principal place of business now and at the time this action was commenced in Northbrook, Illinois (Cook County). Allstate is now, and was at the time this action was commenced, an Illinois citizen.

10.     Defendant William Baxter was, at the time this action was commenced, and still is, domiciled in Alabama. Thus, for purposes of diversity of citizenship, as alleged in Plaintiff's Original Petition, Defendant Baxter is considered an Alabama citizen.

11.     Defendant William Cox was, at the time this action was commenced, and still is, domiciled in Arkansas. Thus, for purposes of diversity of citizenship, as alleged in Plaintiff's Original Petition, Defendant Cox is considered an Arkansas citizen.

12.     Accordingly, diversity of citizenship exists among the parties.

**C.     The Amount in Controversy Exceeds $75,000.**

13.     Additionally, the claims asserted by Plaintiff exceed $75,000. Plaintiff currently seeks damages "over $100,000 but not more than $200,000 including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees," with a statement that Plaintiff reserves his right to amend his Petition to seek "over $200,000 but no more than $1,000,000." Exhibit C at ¶ 6. Thus, should Plaintiff prevail on his claims herein, the damages potentially to be awarded exceed $75,000 on their face.

## III.     VENUE

14.     Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action was pending, the 342nd Judicial District Court of Tarrant County, Texas, and a substantial part of the events giving

rise to Plaintiff's claims allegedly occurred in that district.

## IV.   PROCEDURAL REQUIREMENTS

15.    Pursuant to 28 U.S.C. § 1446(a), the following exhibits are attached and indexed:

| EXHIBIT | DESCRIPTION |
|---------|-------------|
| A. | Index of Matters Being Filed |
| B. | Docket Sheet in the state court action |
| C. | Plaintiff's Original Petition filed in the 342nd Judicial District Court of Tarrant County, Texas on May 3, 2017 |
| D. | Citation to Allstate Vehicle and Property Insurance Co., delievered on May 18, 2017 |
| E. | Defendant Allstate Vehicle and Property Insurance Company's Original Answer filed in the 342nd Judicial District Court of Tarrant County, Texas on June 12, 2017 |
| F. | List of Counsel of Record |

16.    This Notice of Removal is being filed within 30 days of service of the citation and Plaintiff's Original Petition, and is thus timely filed under 28 U.S.C. §1446(b). There exists an actual and justiciable controversy between Plaintiff and Defendants with regard to the legal issues herein and this controversy is within the jurisdiction of this Court.

17.    Pursuant to 28 U.S.C. § 1446(a), all pleadings, process, orders and all other filings in the state court action are attached to this Notice.

18.    Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same.

19.    Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of the Notice of Removal will be filed with the Clerk of the 342nd Judicial District Court of Tarrant County, Texas promptly after filing of same.

20.    Plaintiff has made a jury demand.

## V.     <u>CONCLUSION</u>

WHEREFORE, PREMISES CONSIDERED, Defendant Allstate Vehicle and Property Insurance Company respectfully requests that the above-captioned action now pending in the 342nd Judicial District Court of Tarrant County, Texas be removed to the United States District Court for the Northern District of Texas, Fort Worth Division.

Respectfully Submitted,

W. NEIL RAMBIN
State Bar No. 16492800
rambindocket@dbr.com
SUSAN E. EGELAND
State Bar No. 24040854
susan.egeland@dbr.com
SARA E. INMAN
State Bar No. 24073098
sara.inman@dbr.com
DRINKER BIDDLE & REATH LLP
1717 Main Street, Suite 5400
Dallas, Texas 75201
(469) 357-2500
(469) 327-0860 (fax)

**ATTORNEYS FOR DEFENDANT
ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served on all counsel of record in accordance with the Federal Rules of Civil Procedure on June *16*, 2017.

Rene M. Sigman
rmsdocketefile@mostynlaw.com
Mostyn Law
3810 West Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)

_____
SUSAN E. EGELAND