# Exhibit C

FILED
TARRANT COUNTY
5/3/2017 5:30:23 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 342-291914-17

| | | |
|---|---|---|
| ANTONIO PEREZ, | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| v. | § | TARRANT COUNTY, TEXAS |
| | § | |
| ALLSTATE VEHICLE AND | § | |
| PROPERTY INSURANCE | § | |
| COMPANY, WILLIAM COX, AND | § | |
| WILLIAM BAXTER, | § | |
| *Defendants.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Antonio Perez ("Plaintiff") and files this, *Plaintiff's Original Petition*, complaining of Allstate Vehicle and Property Insurance Company ("Allstate"), William Cox ("Cox"), and William Baxter ("Baxter") (collectively referred to as "Defendants"), and for cause of action, Plaintiff would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1.    Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.  This case involves complex issues and will require extensive discovery.  Therefore, Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### PARTIES

2.    Plaintiff Antonio Perez is an individual residing in Tarrant County, Texas.

3.    Defendant Allstate is an insurance company engaging in the business of insurance in the State of Texas.  This defendant may be served with personal process, by a process server,

by serving its Attorney for Service, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

4.     Defendant William Cox is an individual residing in and domiciled in the State of Arkansas. This defendant may be served with personal process by a process server at his place of residence at 704 Gum Springs Circle, Viola, Arkansas 72583.

5.     Defendant William Baxter is an individual residing in and domiciled in the State of Alabama. This defendant may be served with personal process by a process server at his place of residence at 5207 Border Drive North, Mobile, Alabama 36608.

## JURISDICTION

6.     The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiff is currently seeking monetary relief over $100,000 but not more than $200,000 including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees. However, to the extent that Defendants refuse to cooperate in discovery, make frivolous and unwarranted objections, file needless motions, quash depositions and discovery requests without a reasonable basis, assert unjustified or false affirmative defenses, make unwarranted special exceptions, hire individuals they claim to be "experts" who give false opinions or testimony, produce witnesses who commit perjury, conduct excessive discovery, or otherwise needlessly delay litigation, the costs, expenses, interest, and attorney's fees will likely be over $200,000 but no more than $1,000,000. Plaintiff reserves the right to amend his petition during and/or after the discovery process.

7.     The Court has jurisdiction over Defendant Allstate because this defendant is a foreign insurance company that engages in the business of insurance in the State of Texas, and

Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

8. The Court has jurisdiction over Defendant Cox because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

9. The Court has jurisdiction over Defendant Baxter because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

## VENUE

10. Venue is proper in Tarrant County, Texas, because the insured property is situated in Tarrant County, Texas. TEX. CIV. PRAC. & REM. CODE §15.032.

## FACTS

11. Plaintiff is the owners of a Texas Homeowners' Insurance Policy (hereinafter referred to as "the Policy"), which was issued by Allstate.

12. Plaintiff owns the insured property, which is specifically located at 4513 Cole Street, Fort Worth, Texas 76115, in Tarrant County (hereinafter referred to as "the Property").

13. Allstate sold the Policy insuring the Property to Plaintiff.

14. On or about March 23, 2016, a hail storm and/or windstorm struck Tarrant County, Texas, causing severe damage to homes and businesses throughout the area, including Plaintiff's residence. Specifically, Plaintiff's roof sustained extensive damage during the storm. Water intrusion through the roof caused significant damage throughout the entire home and garage including, but not limited to, the home's ceilings, walls, insulation, and flooring. Plaintiff's home also sustained substantial structural and exterior damage

during the storm.  After the storm, Plaintiff filed a claim with his insurance company, Allstate, for the damages to his home caused by the hail storm and/or windstorm.

15.  Plaintiff submitted a claim to Allstate against the Policy for Roof Damage, Structural Damage, Water Damage, and Wind Damage the Property sustained as a result of the hail storm and/or windstorm.

16.  Plaintiff asked that Allstate cover the cost of repairs to the Property pursuant to the Policy, including but not limited to, repair and/or replacement of the roof and repair of the gutters, siding and interior water damages to the Property, pursuant to the Policy.

17.  Without requiring that Plaintiff submit their claim in writing, as specified in the Policy, Defendant Allstate assigned Defendants Cox and Baxter as the individual adjusters on the claim, and initiated an investigation of the claim.

18.  Defendant Allstate did not properly train the adjusters that it assigned to Plaintiff's claim, and both Allstate and the adjusters that it assigned to the claim failed to perform a reasonable investigation of Plaintiff's claim.  More specifically, but without limitation, Defendant Cox inspected the property on April 30, 2016, for twenty (20) minutes.  Cox conducted an unreasonable and substandard inspection of Plaintiff's Property, failing to properly inspect all of the damages to the interior and exterior of Plaintiff's property.

19.  The unreasonableness and inadequacy of Defendants Cox's and Baxter's investigation(s) of Plaintiff's claim is further evidenced by the Allstate report dated April 30, 2016, which only included some, but otherwise failed to include all of Plaintiff's damages.  For example, Cox and Baxter omitted many of Plaintiff's interior damages, as well as some of the exterior damages—including, but not limited to, damages to the kitchen, dining room, living room, and master bedroom.  Ultimately, Defendants Cox and Baxter failed

to properly scope Plaintiff's damages and underestimated the cost of repairs to the damages, thereby failing to allow for adequate funds to cover the cost of repairs to Plaintiff's Property. Allstate reviewed and ratified Cox's and Baxter's unreasonable and inadequate investigation, resulting in the undervaluation and underpayment of Plaintiff's claim, including non-payment of damages otherwise covered under the policy.

20. Defendant Allstate failed to adequately train and supervise Defendants Cox and Baxter resulting in the unreasonable investigation and improper handling of Plaintiff's claim. Moreover, Defendant Allstate and its personnel, failed to properly and reasonably review and oversee the work of these assigned claims representatives and adjusters, including Defendants Cox and Baxter. Allstate ultimately approved and ratified the unreasonable and improper adjustment, and the inadequate and unfair settlement, of Plaintiff's claim. As a result of Defendants' wrongful acts and omissions set forth above and further described herein, Plaintiff was considerably underpaid on his claim and has suffered damages.

21. In undertaking the investigation of Plaintiff's claim as alleged herein by Plaintiff, Defendant Allstate assumed the duties under the Texas Insurance Code, including but not limited to, the duties to: (a) reasonably investigate Plaintiff's claim; (b) determine through such reasonable investigation whether liability under the policy was reasonably clear; and, (c) attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim. *See* TEX. INS. CODE §541.060(a)(1), (a)(2)(A) and (a)(3).

22. As detailed further in the paragraphs below, Allstate wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, Allstate underpaid some of Plaintiff's claims by

not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during its investigation.

23.    To date, Allstate continues to delay in the payment for the damages to the property. As such, Plaintiff has not been paid in full for the damages to his home.

24.    Defendant Allstate failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Allstate's conduct constitutes a breach of the insurance contract between Allstate and Plaintiff.

25.    Defendants Allstate, Cox, and Baxter misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants Allstate's, Cox's and Baxter's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

26.    Defendants Allstate, Cox, and Baxter failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendants Allstate's, Cox's, and Baxter's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

27.    Defendants Allstate, Cox, and Baxter failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants Allstate, Cox, and Baxter failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants Allstate, Cox, and Baxter did not

communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. Defendants Allstate's, Cox's, and Baxter's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

28.   Defendants Allstate, Cox, and Baxter failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants Allstate, Cox, and Baxter. Defendants Allstate's, Cox's, and Baxter's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

29.   Defendants Allstate, Cox, and Baxter refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendants Allstate, Cox, and Baxter failed to conduct a reasonable investigation. Specifically, Defendants Allstate, Cox, and Baxter performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property. Defendants Allstate's, Cox's, and Baxter's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

30.   Defendant Allstate failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's

claim.   Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt

Payment of Claims.   TEX. INS. CODE §542.055.

31.     Defendant Allstate failed to accept or deny Plaintiff's full and entire claim within the

statutorily mandated time of receiving all necessary information.   Allstate's conduct

constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.   TEX.

INS. CODE §542.056.

32.     Defendant Allstate failed to meet its obligations under the Texas Insurance Code

regarding payment of claim without delay.   Specifically, it has delayed full payment of

Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment

for his claim.   Allstate's conduct constitutes a violation of the Texas Insurance Code,

Prompt Payment of Claims.   TEX. INS. CODE §542.058.

33.     From and after the time Plaintiff's claim was presented to Defendant Allstate, the liability

of Allstate to pay the full claim in accordance with the terms of the Policy was reasonably

clear.   However, Allstate has refused to pay Plaintiff in full, despite there being no basis

whatsoever on which a reasonable insurance company would have relied to deny the full

payment.   Allstate's conduct constitutes a breach of the common law duty of good faith

and fair dealing.

34.     Defendants Allstate, Cox, and Baxter knowingly or recklessly made false representations,

as described above, as to material facts and/or knowingly concealed all or part of material

information from Plaintiff.

35.     As a result of Defendants Allstate's, Cox's, Baxter's wrongful acts and omissions,

Plaintiff was forced to retain the professional services of the attorney and law firm who

are representing him with respect to these causes of action.

36.     Plaintiff's experience is not an isolated case.  The acts and omissions Allstate committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Allstate with regard to handling these types of claims. Allstate's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

## CAUSES OF ACTION:

### CAUSES OF ACTION AGAINST COX AND BAXTER

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

37.     In undertaking the investigation of Plaintiff's claim as alleged herein by Plaintiff, Defendant Allstate assumed the duties under the Texas Insurance Code, including but not limited to, the duties to: (a) reasonably investigate Plaintiff's claim; (b) determine through such reasonable investigation whether liability under the policy was reasonably clear; and, (c) attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim. See Tex. Ins. Code §541.060(a)(1), (a)(2)(A) and (a)(3).

38.     In this connection, the Policy requires an investigation of a claim when the insured provides written notice of the claim.  Defendant Allstate never provided notice to the Plaintiff whether it (a) waived written notice of claim and proceeded with an investigation under the Policy, (b) assumed the duties to conduct an investigation of the claim outside of the Policy but under the applicable provisions of Chapter 541 and 542 of the Texas Insurance Code; or, (c) both.  This silence by Defendant Allstate as to its intentions on how it would conduct its investigation of Plaintiff's claim was intentional, yet prohibited by the Chapters 541 and 542 of the Texas Insurance Code.  More specifically, but without limitation, Defendant Allstate was required to notify the Plaintiff

in writing that it was reserving any right it claimed under the Policy or the law in conducting the investigation of the Plaintiff's claim pursuant to the Policy terms, the Insurance Code or both. *See* TEX. INS. CODE §541.060(a)(4).

39.   In this connection, Plaintiff specifically allege that Defendant Allstate affirmatively undertook its investigation of Plaintiff's claim as being governed at all material times by Chapters 541 and 542 of the Texas Insurance Code such that the failure by Defendants to conduct the investigation in accordance with Chapters 541 and 542 of the Texas Insurance Code resulting in damages covered under the Policy but not yet paid by Defendant Allstate is not predicated on any breach of the Policy by Defendants.

40.   Defendant Allstate violated Cpaters 541 and 542 of the Texas Insurance Code in one or more of the following ways:

   a) It did not properly train the adjusters that it assigned to Plaintiff's claim, and both Allstate and the adjusters that it assigned to the claim failed to perform a reasonable investigation of Plaintiff's claim.   During their investigation, the adjusters failed to properly assess Plaintiff's hail storm and/or windstorm damages.   The adjusters also omitted covered damages from their reports, including many of Plaintiff's interior damages.   In addition, the damages that the adjusters did include in the estimate were severely underestimated.

   b) Defendants Cox's and Baxter's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.   TEX. INS. CODE §541.060(a).   All violations under this article are made actionable by TEX. INS. CODE §541.151.

   c) Defendants Cox and Baxter are each individually liable for their unfair and deceptive acts, irrespective of the fact each was acting on behalf of Allstate, because each is a

"person" as defined by TEX. INS. CODE §541.002(2).  The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added).  (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)).

d) Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Defendants' misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiff's damages; (2) stating that Plaintiff's damages were less severe than they in fact were; (3) using their own statements about the non-severity of the damage as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiff received.  Defendants Cox's and Baxter's unfair settlement practice, as described above and the example given herein, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(1).

e) Defendants Cox's and Baxter's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

f) Defendants Cox and Baxter failed to explain to Plaintiff the reasons for their offer of an inadequate settlement.  Specifically, Defendants Cox and Baxter failed to offer Plaintiff adequate compensation without any explanation as to why full payment was not being made.  Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim.  The unfair settlement practice of Defendants Cox and Baxter as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

g) Defendants Cox's and Baxter's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

h) Defendants Cox and Baxter did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiff's exterior and interior damages, although reported by Plaintiff to. Allstate Defendants Cox's and Baxter's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### CAUSES OF ACTION AGAINST ALL DEFENDANTS

41. Plaintiff is not making any claims for relief under federal law.

### FRAUD

42. Defendants Allstate, Cox, and Baxter are liable to Plaintiff for common law fraud.

43. Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiff would not have acted as they did, and which Defendants Allstate, Cox, and Baxter knew were false or made recklessly without any knowledge of their truth as a positive assertion.

44. The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer injury and constituting common law fraud.

### CONSPIRACY TO COMMIT FRAUD

45. Defendants Allstate, Cox, and Baxter are liable to Plaintiff for conspiracy to commit fraud. Defendants Allstate, Cox, and Baxter were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means. In reaching a meeting of the minds regarding the course of action to

be taken against Plaintiff, Defendants Allstate, Cox, and Baxter committed an unlawful, overt act to further the object or course of action. Plaintiff suffered injury as a proximate result.

WAIVER

46.   While denying that any provision of the policy at issue or any statute, code provision (including the Prompt Payment of Claims Act), or law required Plaintiff to provide written notice of claim as a condition or requirement to recover damages, penalties, interest or attorneys' fees pursuant to contract or any Texas law (including the Prompt Payment of Claims Act), Plaintiff hereby assert (separately or in the alternative to the foregoing) that Defendants have waived, or otherwise intentionally relinquished, any right to any written notice of claim from Plaintiff under the policy at issue or under any applicable law (including but not limited to any provision of the Prompt Payment of Claims Act). Additionally (and, again, separately or in the alternative), Defendants have waived, or otherwise intentionally relinquished, any right to assert that Plaintiff are barred from recovering damages, penalties, interest or attorneys' fees pursuant to contract, applicable law and otherwise, for lack of written notice under the policy or under any Texas law (including but limited to any provision under the Prompt Payment of Claims Act).

CAUSES OF ACTION AGAINST ALLSTATE ONLY

47.   Separately, or in the alternative, Defendant Allstate is liable to Plaintiff for breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

## BREACH OF CONTRACT

48.   Defendant Allstate's conduct constitutes a breach of the insurance contract made between Allstate and Plaintiff.

49.   Defendant Allstate's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Allstate's insurance contract with Plaintiff.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

50.   Defendant Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a).  All violations under this article are made actionable by TEX. INS. CODE §541.151.

51.   Defendant Allstate's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(1).

52.   Defendant Allstate's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Allstate's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(2)(A).

53.   Defendant Allstate's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes

an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

54.    Defendant Allstate's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

55.    Defendant Allstate's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

56.    Defendant Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

57.    Defendant Allstate's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

58.    Defendant Allstate's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

59.    Defendant Allstate's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## ACTS CONSTITUTING ACTING AS AGENT

60.    As referenced and described above, and further conduct throughout this litigation and lawsuit, Cox and Baxter are agents of Allstate based on their acts during the handling of this claim, including inspections, adjustments, and aiding in adjusting a loss for or on behalf of the insurer. TEX. INS. CODE §4001.051.

61.    Separately, and/or in the alternative, as referenced and described above, Allstate ratified the actions and conduct of Cox and Baxter including the completion of their duties under the common law and statutory law.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

62.    Defendant Allstate's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

63.    Defendant Allstate's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Allstate knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## KNOWLEDGE

64.    Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

## DAMAGES

65.    Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

66.    As previously mentioned, the damages caused by the March 23, 2016, hail storm and/or windstorm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendants Allstate's, Cox's, and Baxter's mishandling of Plaintiff's claim in violation of the laws set forth above.

67.    For breach of contract, Plaintiff is entitled to regain the benefit of his bargain, which is the amount of his claim, together with attorney's fees.

68.    For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times his actual damages. TEX. INS. CODE §541.152.

69.    For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of his claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

70.    For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

71.    For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

72.    For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading.   Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

73.    Plaintiff hereby requests that all causes of action alleged herein be tried before a jury consisting of citizens residing in Tarrant County, Texas.   Plaintiff hereby tenders the appropriate jury fee.

## WRITTEN DISCOVERY

### REQUESTS FOR DISCLOSURE

74.    *Plaintiff's Request for Disclosure to Defendant Allstate Vehicle and Property Insurance Company* is attached as "Exhibit A."   *Plaintiff's Request for Disclosure to Defendant William Cox* is attached as "Exhibit A-1."   *Plaintiff's Request for Disclosure to Defendant William Baxter* is attached as "Exhibit A-2."

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff has and recovers such sums as would reasonably and justly compensate him in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found.  In addition,

Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on his behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which he may show himself justly entitled.

Respectfully submitted,

**MOSTYN LAW**

*/s/ René M. Sigman*
René M. Sigman
State Bar No. 24037492
rmsdocketefile@mostynlaw.com
3810 West Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)

**ATTORNEY FOR PLAINTIFF**

**"EXHIBIT A"**

CAUSE NO. 342-291914-17

| | | |
|---|---|---|
| **ANTONIO PEREZ,** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **TARRANT COUNTY, TEXAS** |
| | § | |
| **ALLSTATE VEHICLE AND** | § | |
| **PROPERTY INSURANCE** | § | |
| **COMPANY, WILLIAM COX, AND** | § | |
| **WILLIAM BAXTER,** | § | |
| *Defendants.* | § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFF'S REQUEST FOR DISCLOSURE TO DEFENDANT
## ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY

TO:    DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, by and through its Registered Agent: C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests that the above-named Defendant, Allstate Vehicle and Property Insurance Company (hereinafter referred to as "Defendant"), disclose, within fifty-one (51) days after the date of service of this request, the information or material described in Rule 194.2.

Respectfully submitted,

**MOSTYN LAW**

_/s/ René M. Sigman_
René M. Sigman
State Bar No. 24037492
rmsdocketefile@mostynlaw.com
3810 West Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)

Andrew P. Taylor
State Bar No. 1060679
rmsdocketefile@mostynlaw.com
3810 West Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)

J. Ryan Fowler
State Bar No. 24058357
rmsdocketefile@mostynlaw.com
3810 West Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)

**ATTORNEY FOR PLAINTIFF**

"EXHIBIT A-1"

CAUSE NO. 342-291914-17

| | | |
|---|---|---|
| ANTONIO PEREZ,<br>*Plaintiff,* | § <br> § <br> § | IN THE DISTRICT COURT OF |
| v. | § <br> § | TARRANT COUNTY, TEXAS |
| ALLSTATE VEHICLE AND<br>PROPERTY INSURANCE<br>COMPANY, WILLIAM COX, AND<br>WILLIAM BAXTER,<br>*Defendants.* | § <br> § <br> § <br> § <br> § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S REQUEST FOR DISCLOSURE TO DEFENDANT
## WILLIAM COX

TO:   DEFENDANT WILLIAM COX, at 704 Gum Springs Circle, Viola, Arkansas 72583.

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests that the above-named Defendant, William Cox (hereinafter referred to as "Defendant"), disclose, within fifty-one (51) days after the date of service of this request, the information or material described in Rule 194.2.

Respectfully submitted,

MOSTYN LAW

*/s/ René M. Sigman*
René M. Sigman
State Bar No. 24037492
rmsdocketefile@mostynlaw.com
3810 West Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)

Andrew P. Taylor
State Bar No. 1060679
rmsdocketefile@mostynlaw.com
3810 West Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)

J. Ryan Fowler
State Bar No. 24058357
rmsdocketefile@mostynlaw.com
3810 West Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)

**ATTORNEY FOR PLAINTIFF**

**"EXHIBIT A-2"**

CAUSE NO. <u>342-291914-17</u>

| | | |
|---|---|---|
| ANTONIO PEREZ,<br>    *Plaintiff,* | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| v. | §<br>§ | TARRANT COUNTY, TEXAS |
| ALLSTATE VEHICLE AND<br>PROPERTY INSURANCE<br>COMPANY, WILLIAM COX, AND<br>WILLIAM BAXTER,<br>    *Defendants.* | §<br>§<br>§<br>§<br>§ | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S REQUEST FOR DISCLOSURE TO DEFENDANT WILLIAM BAXTER

TO:    DEFENDANT WILLIAM BAXTER, at 5207 Border Drive North, Mobile, Alabama 36608.

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests that the above-named Defendant, William Baxter (hereinafter referred to as "Defendant"), disclose, within fifty-one (51) days after the date of service of this request, the information or material described in Rule 194.2.

Respectfully submitted,

**MOSTYN LAW**

*/s/ René M. Sigman*
René M. Sigman
State Bar No. 24037492
rmsdocketefile@mostynlaw.com
3810 West Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)

Andrew P. Taylor
State Bar No. 1060679
rmsdocketefile@mostynlaw.com
3810 West Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)

J. Ryan Fowler
State Bar No. 24058357
rmsdocketefile@mostynlaw.com
3810 West Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)

**ATTORNEY FOR PLAINTIFF**