```
IN THE UNITED STATES DISTRICT COURT
     NORTHERN DISTRICT OF TEXAS
         FORT WORTH DIVISION
```

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

SEP 2 0 2017

CLERK, U.S. DISTRICT COURT
By_____
        Deputy

| | | |
|---|---|---|
| ANTONIO PEREZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:17-CV-490-A |
| | § | |
| ALLSTATE VEHICLE AND PROPERTY | § | |
| INSURANCE COMPANY, ET AL., | § | |
| | § | |
| Defendants. | § | |

<u>MEMORANDUM OPINION</u>
and
<u>ORDER</u>

Came on for consideration the motions of defendants William Baxter ("Baxter") and William Cox ("Cox") to dismiss the claims of plaintiff, Antonio Perez, against them in the above-captioned action. The court, having considered the motions, the responses, the record, and applicable legal authorities, concludes that the motions should be granted.

I.

<u>Procedural History and Background</u>

Plaintiff initiated this action by filing a complaint in the 342nd Judicial District Court of Tarrant County, Texas, naming as defendants Allstate Vehicle and Property Insurance Company ("Allstate"), Baxter, and Cox. On June 16, 2017, defendant Allstate removed the action to this court, alleging diversity of citizenship and the required amount in controversy.

On July 17, 2017, the court ordered plaintiff to replead so that his pleadings would comply with the federal court pleading standards. The order called plaintiff's attention to the pleading requirements of Rule 8(a) and 9(b) of the Federal Rules of Civil Procedure, and directed plaintiff to file an amended complaint that complied with those requirements.

On August 10, 2017, plaintiff filed his First Amended Complaint.[1] Despite the warnings provided in the order for repleading, plaintiff's complaint as amended was, with a few exceptions, basically a repeat of his state court pleading, alleging, in a conclusory way, violations of sections of the Texas Insurance Code, fraud and conspiracy to commit fraud, breach of contract, and breach of they duty of good faith and fair dealing.

The amended pleading alleged that plaintiff is the insured named in an insurance policy issued by Allstate covering property owned by him in Tarrant County, Texas; that on or about March 23, 2016, a hail or wind storm caused damage to his property; Baxter and Cox were the adjusters assigned by Allstate to adjust the

---

[1]On August 10, 2017, plaintiff filed two documents titled "Plaintiff's First Amended Complaint." The first, which was not signed, was filed early in the morning and was stricken and unfiled by an order signed that morning, and the second was filed that afternoon. The second was signed, and appears to be worded exactly the same as the first. Each of the motions to dismiss under consideration refers to the pleading to which the motion is directed by use of the docket number of the first-filed, and then unfiled, amended complaint. The court is treating the motion in each instance to be directed to the second-filed version of the amended complaint.

claim; and that Allstate did not pay him as much on his claim as he thought he should receive.

The allegations of plaintiff's complaint are the type of boilerplate allegations the court has learned to expect in cases of this kind. For the most part, the allegations are purely conclusory, and are but recitations of elements of contractual, statutory, and common law causes of action without supporting factual allegations. The allegations made against Baxter and Cox are found in paragraphs 35, 38, 40, 41, and 43 of the complaint. They are:

1. Violations of §§541.060(a)(1), (a)(2)(A), and (a)(3) of the Texas Insurance Code based on alleged failures to (a) reasonably investigate plaintiff's claim, (b) determine through such reasonable investigation whether liability under the policy was reasonably clear, and (c) attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim. Doc. 21 at 8, ¶ 35.[2]

2. Violations of §541.060(a) of the Texas Insurance Code pertaining to Unfair Settlement Practices, which plaintiff alleged are made actionable by §541.151 of the Texas Insurance Code. Id. at 10, ¶ 38(b).

---

[2]The "Doc. ___" references are to the numbers assigned to the referenced items on the docket in this Case No. 4:17-CV-490-A.

3

3. Violation of §541.060(a)(1) of the Texas Insurance Code by representing to plaintiff material facts relating to the insurance coverage in question, which constituted an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Id. at 10-11, ¶ 38(d).

4. Violation of §541.060(a)(2)(A) of the Texas Insurance Code in failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement with the claim, even though liability under the policy was reasonably clear. Id. at 11, ¶ 38(e).

5. Violation of §541.060(a)(3) of the Texas Insurance Code for failing to offer plaintiff adequate compensation, for failing to explain to plaintiff the reasons for their offer and why full payment was not being made, and for failing to communicate that any future settlement or payment would be forthcoming to pay for the entire loss covered by the policy. Id. at 11-12, ¶ 38(f).

6. Violation of §541.060(a)(4) of the Texas Insurance Code for failing within a reasonable period of time to affirm or deny coverage of plaintiff's claim, or to submit a reservation of rights to plaintiff. Id. at 12, ¶ 38(g).

4

7. Violation of §541.060(a)(7) of the Texas Insurance Code for failing to properly inspect plaintiff's property and to account for and/or undervalue exterior and interior damages to the property that plaintiff had reported to Allstate, Cox, and Baxter. Id. at 12, ¶ 38(h).

8. Common law fraud, based on misrepresentations of material fact. Id. at 12, ¶¶ 40-42.

9. Conspiracy, along with Allstate, to commit fraud, in reaching a meeting of the minds regarding the course of action to be taken against plaintiff. Id. at 13, ¶ 43.

II.

Grounds of the Motions to Dismiss

The motions of Baxter and Cox have almost identical wording. They note that plaintiff's primary complaint is that Allstate, not Baxter or Cox, paid him less for his insurance claim than he expected or wanted, and that the allegations against Baxter and Cox are mere conclusory allegations that lack the factual specificity that would enable a court to infer that plaintiff has a plausible right of relief against either of the individual defendants. The movants contend that not only has plaintiff failed to allege facts supporting any cause of action against either of them, they called the court's attention to plaintiff's failure to comply with his pleading obligation to provide

specificity of the kind required by Rule 9(b) of the Federal Rules of Civil Procedure as to any of his claims that are dependent on alleged misrepresentations or fraud.

III.

Analysis

A. Applicable Pleading Standards

1. Rule 8(a)(2)

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim[s are] and the grounds upon which [they] rest[]." Bell Atl. Corp. v. Twombly, 550 U.S. 554, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Id. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)("While legal conclusions can provide the

framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Id. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Twombly, 550 U.S. at 566-69. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

The Fifth Circuit has explained: "Where the complaint is devoid of facts that would put the defendant on notice as to what conduct supports the claims, the complaint fails to satisfy the requirements of notice pleading." Anderson v. U.S. Dep't of Housing and Urban Dev., 554 F.3d 525, 528 (5th Cir. 2008). In sum, "a complaint must do more than name laws that may have been violated by the defendant; it must also allege facts regarding what conduct violated those laws. In other words, a complaint must put the defendant on notice as to what conduct is being called for defense in a court of law." Id. at 528-29.

7

2. Rule 9(b)

Rule 9(b) sets forth a heightened pleading standard applicable to fraud claims: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Sometimes referred to as "the who, what, when, where, and how," United States ex rel Williams v. Bell Helicopter Textron, 417 F.3d 450, 453 (5th Cir. 2005) (internal quotation marks omitted), the Fifth Circuit requires a party pleading fraud to "specify the statements contended to be fraudulent, identify the speaker, state who and where the statements were made, and explain why the statements were fraudulent." Herrman Holdings Ltd. v. Lucent Techs., Inc., 302 F.3d 552, 564-65 (5th Cir. 2002) (internal quotations omitted); see also Benchmark Elecs., Inc. v. J.M. Huber Corp., 343 F.3d 719, 723-24 (5th Cir. 2003).

Claims alleging violations of the Texas Insurance Code of the kind asserted here are subject to the Rule 9(b) pleading requirements. Omni USA, Inc., v. Parker-Hannifin Corp., 798 F.Supp.2d 831, 836 (S.D. Tex. 2011); Frith v. Guardian Life Ins. Co. of Am., 9 F.Supp.2d 734, 742 (S.D. Tex. 1998).

B. Inadequacies in Allegations Against Baxter and Cox

Plaintiff's complaint is short on facts, but contains an abundance of conclusory allegations. For example, plaintiff

8

alleged that defendants knowingly or recklessly made false statements, but did not point to any specific statement, nor did he allege to whom, by whom, when, or where any statement was made. Plaintiff alleged that the inspection of the property damage was inadequate, but failed to give any information indicating acts or omissions making it so. Plaintiff has not adequately alleged the nature, or the extent, of the damages to the property, the amount of compensation due to him, or the amount received.

Plaintiff's primary complaint seems to be that he believes Allstate failed to pay him what he thinks he was entitled to under the insurance policy. The damages sought by plaintiff against Baxter and Cox are properly referred to as extra-contractual damages. For plaintiff to seek damages of that sort, he is required to allege an injury separate from those resulting from a wrongful denial of benefits, and that defendants' acts or omissions were the proximate cause of that injury. Parkans Int'l LLC v. Zurich Ins. Co., 299 F.3d 514, 519 (5th Cir. 2002); Provident Am. Ins. Co. v. Castaneda, 988 S.W.2d 189, 198-99 (Tex. 1998). Here, plaintiff has alleged no facts that would make plausible a separate injury claim.

Plaintiff's extra-contractual claims and his fraud claim also fail in that plaintiff has not met the requirements of Rule

9(b) of the Federal Rules of Civil Procedure as to those claims.³ He has failed to allege the specific facts necessary to state such a claim. Herrmann Holdings, 302 F.3d at 564-65. As a result, his civil conspiracy claim based on fraud also fails. Okenkpu v. Allstate Texas Lloyd's, No. H-11-2376, 2012 WL 1038678, *4 (S.D. Tex. Mar. 27, 2012).

Plaintiff has failed to plead any specific, actionable conduct by Baxter or Cox, but rather makes but generic, conclusory, statute-tracking allegations regarding their actions. Those allegations are insufficient to state a claim against either of them. Plascencia v. State Farm Lloyds, No. 4:14-CV-524-A, 2014 WL 11474841 (N.D. Tex. Sept. 25, 2014); Okenkpu, 2012 WL 1038678, at *7.

IV.

Order

The court ORDERS that the motions of Baxter and Cox to dismiss the claims against them for failure to state a claim upon which relief may be granted be, and are hereby, granted; and that

---

³Rule 9(b) applies "to all cases where the gravamen of the claim is fraud even though the theory supporting the claim is not technically termed fraud." Tracy v. Chubb Lloyds Ins. Co. of Texas, 2012 WL 2477706, 7 (N.D. Tex. 2012) citing Frith v. Guardian Life Ins. Co. of Am., 9 F.Supp.2d 734, 742 (S.D. Tex. 1998) (internal quotation marks omitted) (citing Toner v. Allstate Ins. Co., 821 F.Supp. 276, 283 (D. Del. 1993) (emphasis added). "Claims alleging violations of the Texas Insurance Code and the Deceptive Trade Practices Act ... are subject to the requirements of Rule 9(b)." Berry v. Indianapolis Life Ins. Co., 608 F. Supp. 2d 785, 800 (N.D. Tex. 2009); Frith, 9 F.Supp.2d at 742-43 (S.D. Tex. 1998).

plaintiff's claims against Baxter and Cox be, and are hereby, dismissed.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to such dismissals.

SIGNED September 20, 2017.

_____
JOHN McBRYDE
United States District Judge