IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ANTONIO PEREZ, | § | |
| Plaintiff, | § | |
| VS. | § | NO. 4:17-CV-490-A |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, ET AL., | § | |
| Defendants. | § | |

MEMORANDUM OPINION
and
ORDER

The court has before it for consideration and decision the motion of defendant Allstate Vehicle and Property Insurance Company ("Allstate") to dismiss the claims of plaintiff, Antonio Perez, against it in the above-captioned action. The court, having considered the motion, plaintiff's response, the record, and applicable legal authorities, concludes that such motion should be granted as to all claims asserted by plaintiff against Allstate other than his breach of policy contract claim; and, the court is affording plaintiff an opportunity to amend his breach of policy contract claim to cause it to be legally sufficient.

Earlier on the date of the signing of this memorandum opinion and order, the court issued a memorandum opinion and order, and final judgment as to certain parties, by which all claims and causes of action asserted by plaintiff against defendants Williams Baxter ("Baxter") and William Cox ("Cox")

were dismissed. Plaintiff has asserted against Allstate those same extra-contractual claims based on provisions of the Texas Insurance Code against Allstate. The same reasons given in the Baxter and Cox memorandum opinion and order as to why plaintiff has not pleaded facts that would make plausible those claims against Baxter or Cox exist as to why plaintiff has not pleaded facts that would cause such claims to be plausible against Allstate. The court here adopts by reference all reasons given in the Baxter and Cox memorandum opinion and order for dismissal of those claims against Baxter and Cox as reasons why they must be dismissed as asserted against Allstate. The same is true as to the common law fraud and conspiracy to commit fraud claims that are asserted against Allstate as well as Baxter and Cox. Plaintiff has not alleged facts that would state those claims against Allstate. Thus, they must be dismissed.

The only claims that remain against Allstate are his breach of policy contract claim that he was not paid by Allstate as much as he thinks he should have been paid under the insurance policy for the damage to his property, and his claim that Allstate intentionally breached its common law duty of good faith and fair dealing as to him.

As to the latter claim, plaintiff has alleged no facts that would make plausible a claim against Allstate of breach of a duty

of good faith and fair dealing. Therefore, that claim must be rejected as constituting nothing more than a basic recitation of the elements of such a claim, with no allegation of facts that would lead to the conclusion that such a claim is plausible.

The court questions the adequacy of plaintiff's alleged breach of contract claim against Allstate. As Allstate points out in its motion to dismiss, plaintiff has pleaded no facts identifying any specific contractual provision breached by Allstate, he failed to attach a copy of the insurance policy to his complaint, and failed to identify what provision or provisions of the insurance policy Allstate allegedly breached. However, on the assumption that plaintiff might be able to cure those pleading defects, the court is not dismissing plaintiff's breach of contract claim against Allstate, but is allowing him an opportunity to amend his complaint as to that claim.

Therefore,

The court ORDERS that all claims and causes of action asserted by plaintiff against Allstate other than his breach of contract claim, which is alleged in paragraphs 46 and 47, on page 14, of plaintiff's first amended complaint, be, and are hereby, dismissed with prejudice.

The court further ORDERS that by September 27, 2017, plaintiff file a second amended complaint in which the only

defendant named will be Allstate, and the only claim or cause of action asserted therein will be plaintiff's claim or cause of action against Allstate for breach of the policy contract.

The court further ORDERS that by October 11, 2017, Allstate file an answer or other response to such second amended complaint.

The court further ORDERS that the title to the above-captioned action be changed so that from this point forward it shall be "Antonio Perez, Plaintiff, v. Allstate Vehicle and Property Insurance Company, Defendant."

SIGNED September 20, 2017.

JOHN McBRYDE
United States District Judge